October 25, 1977

## 78-88 MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

### The President—Constitutional Law (Article I, § 7, cl. 2)—Presentation of Enrolled Bills—Absence of the President

In light of the President's forthcoming trip abroad, we believe you should be alerted to some of the problems and procedures connected with the presentation and signing of bills during his absence, in the event the matter should arise.

Article I, § 7, cl. 2, of the Constitution provides that all bills and resolutions approved by both Houses of the Congress are to be presented to the President, who then has 10 days (Sundays excepted) within which to approve, veto, or take no action on the bill. The 10-day period begins to run when an enrolled bill is "presented" to the President. When the President is in the United States, presentation does not require delivery to him personally; rather it is done by delivery of the bill to one of the legislative clerks on the White House staff. *See, Eber Bros. Wine & Liquor Corp.* v. *United States,* 167 Ct. Cl. 665, 674, 690 (1964), cert. denied, 380 U.S. 950 (1964).

This procedure obviously will not work when the President is abroad. Communication problems and preoccupation with the subject matter of his trip (*cf., Eber Bros., supra,* at 676) could then effectively curtail the period for his consideration. In the *Pocket Veto Case,* 279 U.S. 655, 678 (1929), the Court stressed the importance of the availability to the President of the full constitutional period for consideration.

The simplest way of dealing with that situation is through an agreement between the President and the congressional leadership pursuant to which no enrolled bills will be presented during his absence. There have been several such arrangements. *See, e.g.,* Zinn, Charles J., *The Veto Power of the President,* p. 16, U.S. Congress, House, Committee on the Judiciary, Committee Print, Washington, U.S. G.P.O. 1952; *Eber Bros., supra,* at 702, 705, 708. We are attaching for your convenience copies of a memorandum of President Franklin D. Roosevelt dated November 10, 1943; a letter from Attorney General Brownell to President Eisenhower dated July 5, 1955; a letter of President Lyndon B. Johnson dated October 14, 1966, and the reply of the Speaker of the House of Representatives dated October 14, 1966.

In the unlikely event that the President is unable to obtain such a commitment from Congress, including the contingency of urgent legislation that cannot await the President's return, the President normally withdraws the legislative clerks' authority to accept enrolled bills on his behalf when he travels abroad and so advises the Congress. The bills are received by the White House staff not for "presentation" to the President but for forwarding or transmission to the President. Presentation is then effected either when the bills actually are received by him abroad or upon his return to Washington. *Eber Bros., supra,* at 676. While that case suggests that when the President is abroad, Congress has the power to start the running of the 10-day period by making a personal presentation abroad, we are not aware of any actual precedent to that effect.

We should also refer to the considerable time differences between Washington and some of the places where the President will visit. There is a time difference of 10 1/2 hours between Washington and New Delhi; midnight at New Delhi is 1:30 p.m., Washington time. Hence if the President signed a bill on Delhi time, he could lose almost half a day of the constitutional period. Moreover, confusion could arise regarding the computation of the time within which to approve a bill where it is presented in one time zone but action on it is taken in another zone.

Normally acts are dated as of local legal time. Thus, it was held in *Sunday* v. *Madigan,* 301 F.(2d) 871 (9th Cir., 1962), that the Uniform Code of Military Justice which was to become effective on May 15, 1951, became effective in Korea on May 15 Korean time, although it was still May 14 in the United States. On the other hand, as we have pointed out above, it is important for the President to have the full constitutional period of 10 days for consideration of the action he should take. Similarly, there should be no ambiguity as to when the 10-day period begins and ends. Accordingly, we recommend that if the President acts while abroad, notation of the time when a bill is presented to or approved by him be made according to the date and hour calculated as of Washington time.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

*Attachments*

"COPY"

November 10, 1943

MEMORANDUM FOR

## THE VICE PRESIDENT
## THE SPEAKER

As I expect to be away from Washington for some time in the near future, I hope that insofar as possible the transmission of completed legislation be delayed until my return. The White House Office, however, in other cases of emergency has been authorized to forward to me any and all enrolled bills or joint resolutions. They will be forwarded at once by the quickest means. The White House Office will not receive bills or resolutions on behalf of the President but only for the purpose of forwarding them. As soon as received by the President their presentation to the President will have been completed in accordance with the terms of the Constitution. *I suggest, therefore, that if any bill is forwarded to the White House, the entries on the House and Senate Journals show "delivery to the White House for forwarding to the President"*

For security reasons I hope that this can be kept confidential for as long as is necessary.

F.D.R.

OFFICE OF THE ATTORNEY GENERAL
WASHINGTON, D.C.

July 5, 1955

The President,

The White House.

My dear Mr. President:

It is suggested that you confer with leaders in Congress so that arrangements can be made under the law for enrolled bills or joint resolutions to be held in Congress until your return.

In this way, your attention to the important matters raised in Summit Talks will not be diverted by consideration of bills which may safely await your return.

If Congressional leadership believes that the matter is serious enough to warrant your immediate attention, it should be advised to forward the bill to the White House with this understanding:

1. That the entries on the House and Senate Journals will carry the statement: "Delivery to the White House for forwarding to the President."

2. That the White House Office will be advised that it will not receive bills or resolutions on behalf of the President but they will only be "received for forwarding them to the President".

3. That where the President acts on an emergency measure his decision will be communicated not only by carrier but also by cable.

This procedure would be used in order that in event of a veto the Congress could receive as much notice as possible to permit it to act.

Respectfully,

/s/ Herbert Brownell, Jr.

Attorney General

October 14, 1966

Dear Mr. President:

This will confirm arrangements made between you and members of my staff.

I am leaving on Monday to attend the important conference in Manila and to visit some of our friends in the Pacific and Southeast Asia. I expect to return to Washington about November 2.

In view of the close scheduling and concentrated efforts required by this mission, I think it preferable to defer until my return Presidential consideration of all but the most urgent legislation completed by Congress prior to its adjournment, so that each bill may receive the careful attention which it deserves.

In line with the patterns developed by previous Presidents under similar circumstances, I have issued instructions that bills received at the White House while I am on this trip will be treated not as having been "presented" to the President in the Constitutional sense, but as having been received for forwarding or for presentation upon my return. The bills received and the receipts customarily given to the Congressional messengers during this period will be stamped "Received (date) The White House, for forwarding to the President or for presentation to him on his return from abroad."

Under this arrangement the ten-day period for Presidential consideration provided in Article 1, Section 7 of the Constitution will begin either upon my return to the White House or when the bills are actually presented to me while I am away.

Meanwhile, in order that every bill may receive full consideration at the earliest practicable date, the Bureau of the Budget and the Executive departments and agencies will proceed with their preparatory work on all bills as soon as such bills are received at the White House.

The Acting Attorney General has reviewed and approved these procedures.

Sincerely,

/s/ Lyndon B. Johnson

Honorable Hubert H. Humphrey
President of the Senate
Washington, D.C.

THE SPEAKER'S ROOMS
U.S. HOUSE OF REPRESENTATIVES
WASHINGTON, D.C.

October 14, 1966

The President
The White House
Washington, D.C.

Dear Mr. President:

I am in receipt of your letter of October 14th in relation to the Bills that pass both branches of Congress and are received at the White House subsequent to your leaving for your trip to the Philippines and other countries. So far as the House of Representatives is concerned, when receipts are received from the White House, similar entries to those stamped on the receipts will be made in the House Journal and the Congressional Record.

With my very best wishes for a most successful and safe voyage abroad and return, and with kind personal regards, I am, as always,

Very respectfully yours,

/s/ John W. McCormack